# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ALISHA L. ELDER, | Case No. 2:22-cv-3937 |
| Plaintiff, | |
| vs. | District Judge Algenon L. Marbley |
| | Magistrate Judge Elizabeth Preston Deavers |
| DELAWARE COUNTY JAIL, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff, Alisha L. Elder, a prisoner at the Delaware County Jail, commenced this *pro se* civil rights action under 42 U.S.C. § 1983 against the Delaware County Jail for allegedly violating her constitutional rights. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the Complaint (Doc. 1-1) to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

      Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II.

Plaintiff, who claims to have severe mental health and medical issues, alleges, albeit in a conclusory fashion, that she was denied medical care for over forty days, the opportunity to attend court hearings on three occasions due to a shortage of jail staff, legal materials, and confidential phone calls with her attorney.  She also alleges, in a similarly conclusory fashion, that she was retaliated against on two occasions for reporting a PREA [Prison Rape Elimination Act] incident.  (Doc. 1-1, at PageID 12).

For relief, Plaintiff seeks monetary damages.  (*Id.*, at PageID 13).

Plaintiff names the Delaware County Jail as the sole Defendant.  The Delaware County Jail, however, is not an entity capable of being sued.  *See Marbry v. Corr. Med. Servs.*, No. 99–

3

6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam); *Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015).

Further, even liberally construing the Complaint as against Delaware County itself, the Court cannot infer from the conclusory nature of Plaintiff's allegations that her constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).[1] Nor does Plaintiff allege facts from which the Court could infer a failure-to-train claim against Delaware County. To state a failure-to-train claim against the County, Plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of [alleged] abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted). Plaintiff does not allege facts indicating that the County knew of prior alleged unconstitutional conduct on the part of Delaware County Jail staff. Accordingly, any failure-to-train claim must fail as to the County. *See id*.

It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** as to the Delaware County Jail. However, it is further **RECOMMENDED** that Plaintiff be granted leave to amend her Complaint to rectify this deficiency. In her Amended Complaint, Plaintiff should name as a Defendant any person she contends is actually and personally responsible for the

---

[1] In fact, Plaintiff alleges that she was denied legal materials, confidential phone calls with her attorney, and the right to attend court hearings in violation of "Section J of the Jail handbook." (*See* Doc. 1-1, at PageID 12).

alleged violation of her rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").

III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint against the Delaware County Jail but **GRANT** Plaintiff leave to file, within twenty-eight days of any Court Order adopting this Report and Recommendation, an Amended Complaint naming the proper Defendants.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

    **IT IS SO RECOMMENDED.**


November 21, 2022                                          *s/ Elizabeth A. Preston Deavers*
                                                                         ELIZABETH A. PRESTON DEAVERS
                                                                         United States Magistrate Judge